# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEA PRESTIGIO, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>M/Y TRITON, et al.,<br><br>Defendant. | Case No. 10cv2412-BTM (AJB)<br><br>**ORDER DENYING MOTION TO VACATE ORDER OF ARREST** |

Defendants move to vacate an order of arrest pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions E(4)(f).  For the reasons that follow, Plaintiff has established probable cause for the order of arrest.  Accordingly, Defendants motion to vacate the order is **DENIED**.

## BACKGROUND

On June 30, 2010, the parties executed a loan agreement whereby Plaintiff Sea Prestigio, LLC, would loan Defendants $21 million in two disbursements.  (Gonzalez Dec., Exh. D)  Defendants executed a promissory note in the principal sum of $21 million concurrently with the loan agreement.  (Opp. at 3; Gonzalez Dec., Exh. E)  To secure payment, Defendants granted Plaintiff a preferred ship's mortgage on the M/Y TRITON ("the vessel"), a 163-foot yacht, which would allow Plaintiff to take possession of the vessel in the event of default.  (*Id.*, Sec. 5.01)  On June 30, 2010, Plaintiff paid the first

$15.5 million disbursement into an escrow account. (Opp. at 15; Gonzalez Dec. at ¶ 15)

The loan agreement contemplates that several actions taken by borrowers can result in default, including:

(A) Borrowers fail to make any payment of principal or interest when due, or deposit funds demanded by Lender, pursuant to and under this Agreement, the Note or any other Loan Document;

(B) The Conditions Precedent to Second Disbursement are not satisfied.

(Gonzalez Dec., Exh. D, Sec. 4.1)[1] Conditions precedent to second disbursement include in relevant part:

(i) Borrowers' representation and warranties set forth in this Agreement and all of the Loan Documents shall be true and correct as of the Second Disbursement Closing Date;

(ii) there shall not exist any Event of Default under this Agreement or any of the Loan Documents; . . .

(v) the Cabo Property Title Insurance Company shall have committed to issue Lender the Cabo Property Title Insurance Policy, subject to no liens, encumbrances or interests.

(*Id.*, Art. I)

Plaintiff's complaint for breach of contract to foreclose on a preferred ship's mortgage and its *ex parte* application for an order authorizing arrest of the vessel is based, in part, on Defendants' failure to pay interest on the loan. The parties do not dispute that Defendants made only one interest payment and refused to make subsequent payments.[2]

## DISCUSSION

Supplemental Rule E(4)(f) provides that "[w]henever property is arrested or

---

[1] Similarly, events of default under the promissory note are all related to borrower's acts, such as "fail[ure] to make payment of any amount due under the Loan Agreement" or "fail[ure] to perform any other of its Obligations or covenants contained in this mortgage." (Gonzalez Dec., Exh. E, Sec. 5.01)

[2] Because the Court ultimately concludes that non-payment of interest establishes probable cause showing Plaintiff's entitlement to a maritime lien, the Court need not address the parties' contentions regarding other alleged events of default at this time.

attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated."

The purpose of this hearing is not "to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant." *Lion de Mer v. M/V Loretta V*, No. L-98-921, 1998 U.S. Dist. LEXIS 10182, at *5 (D. Md. Apr. 3, 1998). "At this stage in the proceedings, plaintiff merely needs to show 'probable cause' for the issuance of the warrant and writ." *Del Mar Seafoods Inc. v. Cohen*, No. C 07-02952, 2007 U.S. Dist. LEXIS 64426, at *7-8 (N.D. Cal. August 16, 2007). This "reasonable grounds/probable cause" requirement "translates roughly to requiring that plaintiff show entitlement to a maritime lien." *Newport News Shipbuilding and Dry Dock Co. v. S.S. Independence*, 872 F. Supp. 262, 265 (E.D. Va. 1994).

I. <u>Probable Cause</u>

Defendants make two main arguments as to why their failure to make monthly interest payments was justified. First, Defendants assert that Plaintiff agreed that the second interest payment would be funded with the proceeds of the second disbursement, relying on a September 2, 2010 email from Plaintiff's counsel that states, "Since the second disbursement should be made shortly, I suggest we make arrangements for the [interest] charges to be paid directly out of escrow (or alternatively, we would deposit an amount less these charges into escrow)." (Mem. at 11-12; Baldwin Dec., Exh. J) Defendants assert that this arrangement was confirmed in a September 21, 2010 conversation between Plaintiff and Defendant Baldwin. (Baldwin Dec. ¶ 31) Second, Defendants argue that Plaintiff breached the loan agreement by not making the second disbursement, relieving Defendants from having to make any further interest payments. (Mem. at 11)

Plaintiff, in turn, disputes that Defendants were excused from making interest payments on the loan. Plaintiff's counsel declares that the suggestion that arrangements

could be made to have interest payments deducted from the second disbursement "was based upon my belief that all conditions precedent to the second disbursement would be timely satisfied. At no time did Lenders ever waive the requirement that Defendants needed to make their interest payments timely, or that they comply with all obligations imposed under the Loan Documents." (Gonzalez Dec. ¶ 25) Plaintiff also asserts that contrary to Baldwin's declaration, Plaintiff did not tell Defendants at the September 21, 2010 meeting that the outstanding interest payment could be made through the second disbursement. (Gonzalez Dec. ¶ 37)

With respect to Defendant's second argument, Plaintiff contends that Defendants failed to meet several conditions precedent to Plaintiff's second disbursement of $5.5 million. First, Plaintiff asserts that the condition that "the Cabo Property Title Insurance Company shall have committed to issue Lender the Cabo Property Title Insurance Policy, subject to no liens, encumbrances or interests" was not met. Although the Cabo mortgage was executed on September 3, 2010, the Cabo mortgage was never perfected because of a failure to pay Mexican Notary public fees. (Gonzalez Dec. at ¶ 22) Moreover, Plaintiff points to several documents that could indicate that other conditions precedent were not satisfied, such as an email from Defendant Spearfish's treasurer that there were liabilities owed on the Vessel, including $94,000 in wages for the vessel's crew–a fact that Plaintiff alleges conflicts with Defendants' prior assertion that there were no liabilities on the vessel. (Gonzalez Dec., at ¶ 29, Exh. P; *see also id.*, Exh. N)

Under these facts, the Court concludes that Plaintiff has established probable cause for the arrest of the vessel. Plaintiff disbursed $15.5 million to Defendants. Defendants do not dispute that they refused to make interest payments on this loan. Failure to make interest payments constitutes an "event of default" under the terms of the contract, supporting foreclosure of the preferred ship's mortgage. Although, as described above, the parties vigorously dispute whether Defendants' non-payment of interest was justified, it is inappropriate to resolve this issue at a Rule E(4)(f) hearing. *See Del Mar Seafoods Inc.*, 2007 U.S. Dist. LEXIS 64426, at *8 ("The purpose of a Rule E(4)(f)

hearing, however, is not to resolve these factual disputes, but rather to assess whether plaintiff's showing rises to the level of probable cause."). Rather, the Court concludes that Plaintiff has shown that an event of default has occurred under the loan agreement and that Defendants have not clearly shown that they were justified in not making interest payments.[3] Accordingly, Plaintiff has met its burden of showing entitlement to a maritime lien.

The Court emphasizes that its decision that Plaintiff established probable cause does not definitively resolve any contested issue between the parties. The order is simply a determination that reasonable grounds exist for the arrest. *See Linea Naviera De Cabotaje, C.A. v. Mar Caribe De Navigacion, C.A.*, No. 99-471-CIV-J-10C, No. 1999 U.S. Dist. LEXIS 22501, at *19 (M.D. Fla. November 17, 1999).

II. <u>Flight Risk</u>

In support of its *ex parte* application for an order of arrest, Plaintiff asserted that the vessel is a flight risk. Although Defendants do not explicitly invoke this provision, Supplemental Rule C(3)(a)(ii) states, "The plaintiff has the burden in any post-arrest hearing under Rule E(4)(f) to show that exigent circumstances existed."

Defendants contend that Plaintiff's showing was insufficient because "Prestigio has only provided beliefs, understandings, and a single fact of removal of the rotor blades of the Vessel's helicopter to support its burden for maintaining the Warrant." (Mem. at 13) However, in its response, Plaintiff provides more substantial evidence to support a finding of flight risk, including an email from the vessel's captain stating that Defendant Baldwin "has no intentions to stop in Seattle, and he is thinking that we can patch up in San Diego

---

[3] Although the Court does not reach this issue, the Court notes that even if the factual issue regarding whether Plaintiff agreed to allow the second interest payment to be funded from the second disbursement is resolved in Defendants' favor, Defendants may still be in breach of contract. The loan agreement contains an integration clause stating, "No modification, extension, discharge, termination or waiver of any provision of this Agreement or the other Loan Documents will be effective unless in writing, signed by the Person against whom enforcement is sought, and will be effective only in the specific instance for which it is given." (Gonzalez Dec., Exh. D, Sec. 6.6) Defendants have not put forth an argument as to why parole evidence of an agreement to modify the contract should be admitted contrary to this integration clause.

before heading south." (Gonzalez Dec., Exh. O)  Taken together, this evidence is sufficient for Plaintiff to meet its burden to show that exigent circumstances existed to support arrest of the vessel.

III.  Equitable Vacatur

Defendants rely on *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960 (9th Cir. 2010) for the proposition that the Court may vacate the order of arrest on equitable grounds "despite the plaintiff having successfully made a *prima facie* showing of entitlement to a writ of maritime attachment." (Mem. at 14)  There, the Ninth Circuit provided that equitable vacatur may be appropriate where:

(1) the defendant is subject to suit in a convenient adjacent jurisdiction;
(2) the plaintiff could obtain in personam jurisdiction over the defendant in the district where the plaintiff is located; or
(3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise.

*Id.* at 969 (quoting *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006)).

However, as correctly pointed out by Plaintiff, *ProShipLine* discusses equitable vacatur under Rule B of the Supplemental Rules, not Rule C– the provision used by Plaintiff to seek an order of arrest.  *See also Aqua Stoli Shipping Ltd.*, 460 F.3d at 438 (2d Cir. 2006) (applying equitable vacatur when assets were attached pursuant to Rule B). Rule C states, "If the conditions for an *in rem* action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action."  (emphasis added).  By contrast, Rule B provides for attachment of defendant's personal property–up to the amount sued for–in *in personam* actions when the defendant cannot be found in the district.  Given the differences in text and purpose of these rules, the Court declines Plaintiff's invitation to extend *ProShipLine* to consider equitable vacatur when an order of arrest is issued

\\
\\

pursuant to Rule C.

## CONCLUSION

For the above-stated reasons, Defendants' motion to vacate the order of arrest is **DENIED**.

**IT IS SO ORDERED.**

DATED:  December 22, 2010

_Barry Ted Moskowitz_
Honorable Barry Ted Moskowitz
United States District Judge