William E. Dysart, State Bar No. 042608
Alexander T Gruft, State Bar No. 223096
WRIGHT & L'ESTRANGE
401 West A Street, Suite 2250
San Diego, CA  92101
Telephone:  (619) 231-4844
Facsimile:  (619) 231-6710

Patricia L. Glaser, State Bar No. 55668
G. Jill Basinger, State Bar No. 195739
James T. Grant, State Bar No. 155831
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiff
SEA PRESTIGIO, LLC

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEA PRESIDIO, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>M/Y TRITON, Republic of Marshall Islands (Official No. 70070), Its Engines, Machinery, Appurtenances, etc., *In rem*; SPEARFISH VENTURES, LTD., a British Virgin Islands Company; FBP INVESTMENTS, LP, a Delaware limited partnership; JAMES P. BALDWIN, as co-trustee of the James P. Baldwin Trust No. 1 and Nancy L. Baldwin Trust No. 1; NANCY L. BALDWIN, as co-trustee of the James P. Baldwin Trust No. 1 and Nancy L. Baldwin Trust No. 1; CACHAL INVESTMENTS, S. DE R.L. DE C.V., a Mexican corporation, *In Personam*, and DOES 1-10,<br><br>Defendants. | CASE NO.  3:10-CV-02412-BTM  (AJB)<br><br>**IN ADMIRALTY**<br><br>**PLAINTIFF'S STATUS REPORT**<br><br>Complaint Filed: November 23, 2010<br>Action Stayed:    April 11, 2011<br>Trial Date:           May 9, 2011 (vacated) |

Plaintiff Sea Prestigio, LLC ("Plaintiff") submits the following status report to inform the Court that on February 17, 2012—ten days before the scheduled trial in the related action entitled *FBP Investments, LP, et al. v. Sea Prestigio, LLC, et al.*, Orange County Superior Court, Case No. 30-2010-00420336 (the "State Action")— Defendants filed a "motion *in limine*" to have this dispute resolved by a private judge in a judicial reference proceeding rather than before a jury in state court, notwithstanding repeated representations by Defendants that they sought a jury trial and desired swift resolution.

On April 11, 2011, two weeks before the April 25, 2011 hearing on the parties' cross-motions for summary judgment, and a month before the *expedited* trial of any remaining claims and issues in this action (May 9, 2011), the Court granted Defendants' motion to stay this action so that Defendants (as plaintiffs in the State Action) could purportedly have *the state court* adjudicate all state law claims, issues and defenses between the parties in the State Action. [Stay Motion, p. 10, lines 10-14; Docket No. 44-1 ("Once the state court renders a decision on the state law claims, the stay can be lifted and the Federal Action can resume to determine the remedy, if necessary . . . . [s]taying this Federal Action conserves this Court's time and resources, while the state court determines claims under its purview.").]

In its order, the Court underscored the importance of a speedy resolution, expressly requesting "that the Orange County Superior Court issue an expedited case management schedule that would allow it to decide this case as quickly as possible." [April, 11, 2011 Order re Application to Stay Action, p. 8.] Before the Court ordered the stay, Defendants did not disclose any intention to have their claims adjudicated by a judicial referee rather than a state court and, as a result, Plaintiff was unable to address this issue in opposition to Defendants' stay motion. Indeed, Defendants made repeated representations that this case would be tried by a state court jury.

In the State Action, the parties litigated for more than fifteen months, completing percipient witness as well as expert discovery, with the state court

1  receiving and ruling on motions for the summary judgment.  Both parties consistently
2  and repeatedly demanded a jury trial in both this action and the State Action.  [*See*,
3  *e.g.*, Defendants' Verified Answer, Docket 34.]  The court in the State Action set a
4  trial date for February 26, 2012.

5       On February 17, 2012, ten days before the scheduled trial, on the date when
6  Defendants served their motions *in limine* in the State Action, Defendants served a
7  motion to enforce the judicial reference provision in the parties' loan agreement
8  pursuant to California Code of Civil Procedure Section 638.  This was the first time
9  that Defendants raised the prospect of judicial reference in this litigation.  The court
10 in the State Action requested briefing on the judicial reference issue and set a new
11 trial date on March 26, 2012.  On March 23, 2012, the state court heard and granted
12 Defendants' motion for judicial reference over Plaintiffs' opposition.

13      Thereafter, the parties selected the Hon. Edward J. Wallin (Ret.) as the judicial
14 referee to resolve all claims pursuant to their loan agreement and California Code of
15 Civil Procedure § 638 *et seq*.  To the extent that this selection process does not result
16 in swift and expeditious resolution of the disputes, Plaintiff reserves its right to seek a
17 lift of the stay and to request a trial date in this Court to resolve all claims between the
18 parties.

19

20 Dated:  April 3, 2012          Respectfully submitted,

21                                     GLASER WEIL FINK JACOBS,
                                       HOWARD AVCHEN & SHAPIRO LLP

22

23

24                              By:  /s/ G. Jill Basinger
25                                     Patricia L. Glaser
                                    G. Jill Basinger
26                                     John K. Ly
                                    Attorneys for Plaintiff
27                                     SEA PRESTIGIO, LLC

28

## **CERTIFICATE OF SERIVCE**

The undersigned hereby certifies that all counsel who have consented to electronic service are being served with a copy of the foregoing document via the Southern District of California CM/ECF system on April 3, 2012.

/s/  James T. Grant
James T. Grant